# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                           |   |                                              |
|---------------------------|---|----------------------------------------------|
| UNITED STATES OF AMERICA  | * |                                              |
| v.                        | * | CIVIL NO. JKB-17-2336                        |
|                           |   | CRIMINAL NO. JKB-14-0356                     |
| CHRISTOPHER JOHNSON       | * |                                              |
| Defendant                 | * |                                              |

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 265), AMENDED MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 272), and SUPPLEMENTAL MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 274). The Government has responded (ECF No. 286) and the time for any reply has expired.

The three motions will be denied, largely for the reasons set out in the Government's response. The Court has carefully considered the three motions and the arguments submitted in support thereof. By the standards applicable at this post-conviction stage, the Court cannot conclude that Mr. Johnson was treated unfairly, unlawfully, or in a manner inconsistent with the requirements of the United States Constitution. It is clear that he has a disagreement with the United States Bureau of Prisons with respect to how the New Jersey time should be counted, *i.e.*, whether it should be run concurrent or consecutive. But nothing in the BOP's apparent application of the arcane regulations on this subject suggest that defense counsel gave advice or otherwise performed in a manner inconsistent with the requirements of the Sixth Amendment as interpreted in *Strickland v. Washington*, 466 U.S. 668 (1984). In every respect, including the

advising of his client about how his sentence might be discharged, counsel's performance was above the floor set in *Strickland*.

To the extent there are other claims presented here, they were addressed on direct appeal. At this stage they are groundless.

Accordingly, the Defendant's MOTIONS (ECF Nos. 265, 272, and 274) are DENIED.

DATED this 23rd day of April, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge