IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO.  JKB-14-0356 |
| CHRISTOPHER V. JOHNSON, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

The Defendant Christopher Johnson was sentenced to a period of 102 months' imprisonment after he pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft.  He is currently in United States Marshal's Service custody at the Chesapeake Detention Facility after he was arrested for reportedly violating the conditions at his Community Treatment Center, the Volunteers of America.  (Opp'n Mem. at 1, ECF No. 306.)  Johnson has now filed a Motion for Compassionate Release (ECF No. 303) in light of the Coronavirus, known as COVID-19, Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  The Government has filed its opposition to this Motion.  (ECF No. 306.)  The matter has been briefed and no hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court of Appeals for the Fourth Circuit has been very firm that a court is without the authority to modify a sentence except in conformity with the specific circumstances and procedures established by § 3582. *See United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (a court "'may not modify a term of imprisonment once it has been imposed'" unless expressly permitted by statute) (quoting § 3582).

The Fourth Circuit has not ruled on whether the requirements in § 3582(c)(1)(A) are jurisdictional, and this Court need not make that determination to resolve this motion. It is sufficient for purposes of this motion that § 3582(c)(1)(A) mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, Crim. No. DLC-99-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). As such, because Johnson has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify his sentence.[1]

Johnson also argues that he is eligible for home detention pursuant to the First Step Act and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136 (2020). Johnson does not identify any specific provisions under which he is seeking relief. It is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c). That section specifically provides that "[t]he authority under this

---

[1] Johnson may renew his motion for relief after he has "fully exhaust[ed] his administrative remedies" or "30 days have elapsed without a BOP determination" on his request for relief, whichever occurs first. *United States v. Johnson*, Crim. No. RDB-14-0441, 2020 WL 1663360, at *6 (D. Md. Apr. 3, 2020).

subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." Though § 12003(b)(2) of the CARES Act states that during the COVID-19 emergency period, "the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" pursuant to § 3624(c)(2), this authority is given to the Bureau of Prisons, and not to the courts.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Johnson's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may grant.

Accordingly, Johnson's Motion for Compassionate Release (ECF No. 303) is DENIED. The Court urges Johnson to pursue the procedures established by § 3582(c)(1)(A) to seek his requested relief, and to renew his request once he has exhausted his administrative remedies.

DATED this 20th day of April, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge