IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-14-356 |
| CHRISTOPHER V. JOHNSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Christopher Johnson filed an Emergency Motion for Compassionate Release (Mot. Release, ECF No. 308) and a Motion for Leave to File a Supplemental Exhibit in Support of the Motion (Mot. Leave, ECF No. 309). Johnson was sentenced to a period of 102 months' imprisonment after he pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft. (Judgment at 1–2, ECF No. 219.) His current projected release date is October 2, 2020. (Mot. Release at 2.) The Government consents to Johnson's release. (Response, ECF No. 311.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Johnson's Emergency Motion for Compassionate Release will be granted and his sentence will be reduced to time served plus fourteen days. The Court will also grant Johnson's uncontested Motion for Leave to File a Supplemental Exhibit in Support of the Motion.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." A defendant may

1

only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Johnson has exhausted his administrative remedies under § 3582(c)(1)(A) and his request is properly before this Court.  The Court finds, and the parties agree, that Johnson's asthma and the associated risk of serious complications due to COVID-19 creates an extraordinary and compelling reason warranting compassionate relief.  Having considered the factors enumerated under § 3553(a), the Court finds that a sentence of time served plus fourteen days promotes respect for the law, deters crime, and protects the public.  The Court finds such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration.  18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED:

1. Defendant's Emergency Motion for Compassionate Release (ECF No. 308) is GRANTED.

2. Defendant's Motion for Leave to File a Supplemental Exhibit in Support of the Motion (ECF No. 309) is GRANTED.

3. A new judgment and commitment order will issue setting the sentence at time served plus fourteen days, such that Defendant is released from custody as soon as the terms of this Order can be implemented.

4. Defendant will be subject to five years of supervised release.  Defendant will serve the first three months of his supervised release on home confinement, at a residence approved by U.S. Probation, with exceptions limited to employment, medical and

substance abuse treatment, and consultation with legal counsel, as approved by the Court or his Probation Officer.

5. All other terms of the sentence imposed not altered by this Order remain in full force and effect and will be reflected in the amended judgment and commitment order.

6. Defendant SHALL be quarantined for fourteen days and pass a medical clearance prior to release.

DATED this 17th day of June, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge